UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ROBERT WHITE,                       :
                                    :
         Petitioner,                :    Civ. No. 17-4586 (NLH)
                                    :
    v.                              :    OPINION
                                    :
WARDEN MARK KIRBY,                  :
                                    :
         Respondent.                :
_____:

APPEARANCES:
Robert White
Fairton
20225-424
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

    Petitioner Robert White, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging a sentencing enhancement. (ECF Nos. 1, 2.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas

Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.[1]

I. **BACKGROUND**

On February 8, 2001, Petitioner was indicted on three counts: distributing crack cocaine, 21 U.S.C. § 841(a)(1); using and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); and possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1). U.S. v. White, Crim. Action No. 00-1017 (N.D. Ill. 2001). Petitioner eventually pled guilty and the United States District Court for the Northern District of Illinois sentenced him to 292 months imprisonment on the drug charge and 120 months imprisonment on the § 922(g) count, to be served concurrently. Id. Petitioner did not file a direct appeal. Instead, he filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel, which was denied by the district court. White v. U.S., Civil Action No. 04-7616 (N.D. Ill. 2006). The United States Court of Appeals for the Seventh Circuit denied his appeal. White v. United States, 273 F. App'x 559, 560 (7th Cir. 2008).

Petitioner thereafter filed a request for authorization to file a successive petition with the Seventh Circuit in light of

---

[1] The Court initially administratively terminated this case for failure to submit the filing fee. (ECF Nos. 4, 5.) Petitioner thereafter submitted the filing fee.

the Supreme Court's holding in Johnson v. United States, 135 S.Ct. 2551 (2015). White v. U.S., Civil Action No. 16-2031 (7th Cir. 2016). The Seventh Circuit denied his request. (Id.) In November 2016, Petitioner filed a second request for authorization to file a successive petition with the Seventh Circuit based on Johnson, which the Court of Appeals again denied. White v. U.S., Civil Action No. 16-3858 (7th Cir. 2016).

Thereafter, Petitioner filed the instant habeas petition seeking relief pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 2.) Petitioner argues that as a result of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016), he no longer qualifies as a career offender under the Guidelines. Specifically, he argues that under Mathis, his 1991 Illinois conviction for possession with intent to deliver should not have been used as a predicate offense to enhance him as a career offender.

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

3

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

4

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it

rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241")

(citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court will not transfer the Petition to the Seventh Circuit for its consideration as a request to file a second or successive § 2255 motion because that court has already previously denied such requests by other prisoners. See, e.g., Davis v. U.S., Civil Action No. 16-3204 (7th Cir. 2016) ("Mathis does not meet the criteria for authorization [for a successive 2255 petition]");

7

Dawkins v. U.S., No. 16-2683, 2016 WL 3854238, at *551 (7th Cir. July 15, 2016) (same).[2]

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.

Dated: August 8, 2017            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court's decision not to transfer the instant Petition does not preclude Petitioner from filing a request with the Seventh Circuit on his own.